DYK, Circuit Judge,
concurring in the result and dissenting in part.
I agree that the “without requiring any sort of personal action” construction imposed by the district judge unduly limited the scope of the claims. As the majority opinion points out, dependent claim 7 contemplates using a key (or a card swipe) to enter the building and at the same time transmitting the user’s elevator data. See Majority Op. at 1283. Such an action is covered by the claims, as the specification also makes clear.[1] Here, it is admitted that the same card swipe process gains entry to the building and calls the elevator. Thus, the recognition device and information transmitter claim limitations are satisfied, because using the building key to call the elevator requires no additional personal action by the user.
Unfortunately, the majority is not content to rest its decision on this simple point. Rather, it interprets the claim broadly as including a swipe card device that is not tied to building access and declines to give effect to the significant disclaimer appearing in both the specification and prosecution history—disclaiming devices that are not “hands-free” and “automatic.” Contrary to the majority, it seems to me that the action of swiping a card to call the elevator separate from the action required to gain entry to the building is clearly within the disclaimer of both the specification and prosecution history.
How does the majority avoid this disclaimer? The majority’s theory is that there is no requirement of hands-free or automatic action until the transmitter is within range of the recognition device. In other words, the device would be “hands-free” and “automatic” even though the user has to take elaborate action to bring the device within range. See Majority Op. at 1286 (“[A] user ought to be able to use his hands, or take other personal action, to simply bring the transmitter within the effective range of the recognition device”). I find this reading of the disclaimer to be *1288 inherently improbable and quite inconsistent with the language of the specification and prosecution history. The specification and prosecution history make no such distinction, and consistently emphasize the hands-free and automatic nature of the device without regard to whether it is in range or not. The specification requires that “the desired journey destination [be] communicated automatically to the elevator control by the information transmitters carried by the elevator users ... without any personal action being required by the passenger,” '094 patent col.2 11.49-54 (emphasis added), and that the entire call entry take place “hands-free, contactless and independent of the orientation of the information transmitter,” id. at col.4 11.27-29. The prosecution history similarly distinguishes the prior art on the ground that the call commands occur “automatically, contactlessly, and independently of the orientation of the information transmitter.” J.A. 320. Neither the specification nor the prosecution history distinguished between actions taken within range or out of range of the recognition device.
The patentees, unlike the majority, argue that the disclaimer has no application to devices where the signal came from the recognition device.[2] On this theory, the disclaimer is rendered entirely meaningless because the patent only covers devices in which the signal is initiated by the recognition device, and the disclaimer is read only to apply to devices in which the signal is initiated by the transmitter.
The prior art device involved a system whereby the user activated a transmitter by entering a code that signaled the recognition device. The applicant could have distinguished this prior art solely on the ground that the signal here goes from the recognition device to the transmitter. The applicant did not choose to rest on this ground alone (likely because this was an obvious variant of the prior art), but instead emphasized that the patented device was distinguishable both because of the signal direction and because it was hands-free and automatic. The patentee agreed at oral argument that a card swipe was no less covered by the disclaimer than the pressing of buttons.
We have repeatedly held that a disclaimer cannot be avoided simply by pointing out that the prior art could have been distinguished on another ground. See, e.g., Norian Corp. v. Stryker Corp., 432 F.3d 1356, 1361-62 (Fed.Cir.2005) (holding that patentees must be held to the scope of what they ultimately claim, and are not allowed to assert that claims should be construed to surrender only what was necessary to avoid the prior art); Fantasy Sports Properties, Inc. v. Sportsline.com, Inc., 287 F.3d 1108, 1115 (Fed.Cir.2002) (“Fantasy acquiesced in [the examiner’s] rejections by canceling all claims that did not contain the ‘bonus points’ limitation at issue on appeal, and thus cannot now be heard to argue post hoc that it was the combination of the aforementioned limitations that rendered its invention patentable over the prior art.”). Schindler’s disclaimer must be based on what he said, not on what he could have said. Thus, I find Schindler’s reading of the disclaimer to be just as untenable as the majority’s reading.
A competitor reading the specification and the prosecution history is entitled to *1289 rely on the patent and prosecution history. In my view, the majority’s claim construction artificially eliminates that disclaimer in limiting it to actions taken after the transmitter is in range of the recognition device.[3]

. The specification provides: "A further variation consists in that information transmitter 1 is not carried along as a separate card, but executed as coded key means. For example, in a residential or in an office building, the building key can be provided with information transmitter 1. Recognition device 5 is then mounted at the door lock so that elevator control 10 also receives the destination call upon the opening of the door.” '094 patent col. 5 11.27-33.

. At oral argument, appellant stated that "[i]f the signal is initiated from the card, that is disclaimed by the amendment .... It doesn’t matter whether the actuation is by buttons .... The point is, the initiation of the communication is initiated by the recognition device so that the card can now be passive .... That was the distinction [made in the prosecution history], not whether it was buttons or not, but the actuation no longer came from the information transmitter.” Oral Arg. at 40:43-41:27 (emphasis added).

. The majority opinion also appears to rely on the unclaimed "individual features” embodiment relating to finger print recognition. See Majority Op. at 1283. Given that this embodiment was abandoned, I do not think that it suggests anything regarding the scope of the claims that were retained. In particular, the prosecution history disclaimer cannot have been addressed to the abandoned claims.